```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/19/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

ARTHUR BALDER,

                              Plaintiff,                  22-CV-06401 (VEC)(SN)

         -against-                                         ORDER

SUSAN SARANDON, et al.,

                             Defendants.

-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

On August 2, 2022, Plaintiff filed an Amended Complaint. ECF No. 8. For the reasons that follow, the Court sua sponte STRIKES Plaintiff's Amended Complaint. Plaintiff is ORDERED to refile his Amended Complaint in accordance with the following guidance by no later than September 16, 2022.

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must include enough facts to state a claim for relief "that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). A complaint's statement of claim, however, should not be prolix (lengthy) or contain unnecessary details. See Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (noting that under Rule 8(a)(2), the statement of claim "should be short because '[u]nnecessary prolixity in a pleading places an unjustified burden on the court and the party who

must respond to it because they are forced to select the relevant material from a mass of verbiage'") (citation omitted); Prezzi v. Schelter, 469 F.2d 691, 692 (2d Cir. 1972) (holding that complaint did not comply with Rule 8 because "it contained a labyrinthian prolixity of unrelated and vituperative charges that defied comprehension").

Plaintiff's complaint does not contain a short and plain statement showing that he is entitled to relief. The complaint is more than 175 pages long and includes more than 70 additional pages of exhibits. Plaintiff's lengthy and confusing complaint places an "unjustified burden" on the Court and Defendants because it "force[s them] to select the relevant material from a mass of verbiage." Salahuddin, 861 F.2d at 42 (citation omitted).

The Court grants Plaintiff leave to file a revised Amended Complaint that contains a short and plain statement showing that he is entitled to relief and otherwise complies with the requirements of Rule 8. In the "Statement of Claim" section of the Amended Complaint, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include only the information in the Amended Complaint that is necessary to state a claim for relief. That information should include:

a) the names and titles of all relevant people;

a) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

b) a description of the injuries Plaintiff suffered; and

c) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court what rights or duties were violated; when and where such violations occurred; and why Plaintiff is entitled to relief.

Plaintiff must avoid repetition and unnecessary factual detail and need not submit evidence or proof as part of the complaint.

If Plaintiff requires further assistance, he is encouraged to contact the volunteer lawyers at the free NYLAG Legal Clinic by contacting them at (212) 805-0175 during normal business hours, 8:30 a.m. – 5:00 p.m., Monday – Friday.

Lastly, once Plaintiff refiles his Amended Complaint, the parties are urged to cooperate to ensure that all Defendants are properly served.

In summary, Plaintiff's Amended Complaint is STRUCK. Plaintiff is granted leave to file a new Amended Complaint by no later than September 16, 2022.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   New York, New York
         August 19, 2022