UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

───────────────────────────────── x

ARTHUR BALDER,

    Plaintiff,                      Case No. **22-cv-6401**

— against —                     **EX PARTE MOTION TO EXECUTE SERVICE OF PROCESS VIA EMAIL**

SUSAN SARANDON,
DAVID SHARA,
HONEY SHARA,
TIGRAN TSITOGHDZYAN

    Defendants.

───────────────────────────────── x

    This Ex Parte Motion is submitted to respectfully request that the Court orders service via email to all Defendants in this case for the new reasons explained as follows. This Ex Parte Motion contains information that has seen discovered in the last hours after the Order denying without prejudice [27] Motion to Serve Defendants by E-mail of September 15, 2022, and adds two important Exhibits that, in our humble opinion, are important to be presented to the Court.

    1. As regards to Defendant Sarandon. The **Exhibit 1** shows just one example of some publications that state: "Susan Sarandon sells her Chelsea duplex for $7.9M asking price (…) Located at 147 West 15th Street,(…)" dated October 21, 2020.

2. That further explains the difficulties encountered to serve her before the case was relocated from NY Supreme Court to SDNY Federal Court, and how easy it has been for her attorney to present excuses as regards to service. The Plaintiff has not obtained any answer as regards to facilitating service from Sarandon's attorney (See explanations in [27] Motion to Serve electronically), last notice sent to her yesterday, expecting, after more than a month and a half, that she had clarified this topic with her client. There is no answer, neither any other address is provided besides this one, which public information now discovered shows Sarandon cannot be found there.

3. The Plaintiff uses the Deputy Sheriff NYC service of legal papers method. It is guaranteed that they are not going to be able to serve Defendant Sarandon, and it is but too clear that she is represented in this court by her attorneys, who get electronic copies of anything that happens, as it happens.

4. The Plaintiff will have to spend money and, most importantly, time, to try to serve the Defendants with no guarantees since it is clear that the only address we have of Defendant Sarandon, 147 West 15th Street, now we find out is no more her address. I can understand why her attorney valiantly stands that her client was never served "properly". Failed to add that her client sold the apartment in 2020… Her client acts in bad faith from alfa to omega, and after all she has done out of court this revelation brings no surprise to the Plaintiff. She loves to lead public profile in grandiloquent style, owning bombastic opinions as inflated as balloons, but when it comes down to a court process

wherein the "stardom-privileges" morph into "plain citizen's rights and obligations", she plays hide and seek as those of her ilk, and as she has played before in coordination with David Shara, Honey Shara and Tigran Tsitoghdzyan.

5. Wherefore The Plaintiff requests order for email service to Defendant Sarandon to also avoid unnecessary loss of time and funds to the Plaintiff in trying to serve via the NYC Deputy Sheriff in an attempt that is doomed to fail because that is no more Sarandon's address.

6. Similarly, recall Defendants Honey Shara and David Shara are not providing any other address than the one we know, which has failed because the building was vacated according to the Deputy Sheriff Certificate trying to serve the First Amended Complaint. She received the copy of summons via email and she saw the address there and she did not provide any other address. There is no doubt for the Plaintiff that Defendant Honey Shara and David Shara have been mocking his claims for years, but it is also the Plaintiff's opinion that they are also now, following a modus operandi empirically proven as their favorite, disregarding and mocking this Court. For further details, see [27] Motion to Serve Defendants by E-mail of this Case 22-cv-6401 documents, Exhibit 1.

7. Wherefore the Plaintiff requests order to serve Honey Shara and David Shara electronically.

8. As regards to Defendant Tigran Tsitoghdzyan. See attached Exhibit 2 "Sheriffs Certificate of Attempted Service" received today. It states: "On all three

attempts as per the front desk / concierge stated the Defendant, Tigran Tsitoghdzyan, was not home, left contact cards. Received no response back." Defendant Tsitoghdzyan is mocking this court and these proceedings in plain coordination with the other Defendants. The three attempts spans almost 30 days, and the Deputy Sheriff leaves cards to answer back. Clearly Tsitoghdzyan is not willing to be served. The method that has proved to be unsuccessful as shown in the Certificate attached in Exhibit 2, will equally be unsuccessful if tried again. A remedy seems to be required to ensure the proceedings of the Court are respected by all parties, and taken seriously.

9. Consequently, the Plaintiff requests Order to serve all Defendants electronically via email.

WHEREFORE, the Plaintiff presented this Motion to Order Service of Process Via Email to all defendants because, 1) in the case of Honey and David Shara, they are willingly misleading and hiding their address in order to thwart the process, 2) in the case of Sarandon it is obvious that the delay in the "process to discuss" this topic is just a tactic to delay that does not seem to be taking place in good faith, plus she and her attorney, far from good faith, do not waive service and at the same time hide that the only address the Plaintiff has is not valid since 2020, and 3) in the case of Tsitoghdzyan, he knows that service has been attempted, and he has disregarded it to thwart these proceedings. Again coordination of all defendants, that adds insult to the injury, now even mocking this Court.

Since all Defendants receive emails properly, and even answered them recently as it is the case of Honey and David Shara, and since Sarandon willingly obstructs rather than facilitates the service of process, the Plaintiff proposes this Motion to better assist the process of service, which is taking a toll on his resources and also on the timing. Recall that this civil action arises from thwarting the distribution of a film since 2020, something the defendants are accomplishing in a coordinated manner, out of malice, and the difficulties the Plaintiff is meeting in service of process are in tune with previous actions. Recall that counsel of the Plaintiff tried, providing accommodations that went beyond the reasonable, to find an amicable solution since October 2021. David Shara and Honey Shara were too busy around that time throwing extravagant parties in Miami to take seriously the claims of the Plaintiff. [See Exhibit 2 of [27] Ex Parte Motion to electronic Service.

We deeply appreciate Your Honor's time and consideration in this matter, beseeching a just resolution that takes into consideration the professional and financial suffering that this ongoing situation is causing, so that the process will avoid prolonging it unnecessarily and against the best interest of the case.

Dated: On September 16, 2022

Respectfully submitted,

/s/ **ARTHUR BALDER**

2813 Palisade Avenue
Union City,
New Jersey
07087
Telephone:
(929) 888-3802

Cc.     Sara M. Matz (via ECF)