

Sarah M. Matz
Partner
sarah@adelmanmatz.com
Dir: (646) 650-2213

October 13, 2022

**VIA ECF**
Hon. Sarah Netburn, U.S.M.J.
United States District Court
Thurgood Marshall Courthouse
40 Foley Square, Room 430
New York, NY 10007

    Re:    *Arthur Balder v. Susan Sarandon, et al,* Case No.: 1:22-cv-06401-VEC-SN

Hon. Judge Netburn:

    We represent Defendant Susan Sarandon (the "Defendant") in this action. This letter is submitted pursuant to I.A of your Honor's Individual Practices and is in response to Plaintiff Arthur Balder's ("Plaintiff") Ex Parte Motion [ECF Dkt. No. 29] to execute service of process by email.

    Based on Plaintiff's improper filing of the Ex Parte Motion, including by failing to include a notice of motion, and given that the Court scheduled a conference to discuss the motion tomorrow, we are unsure if the Court is requiring a response at this time. However, to the extent the Court is expecting a response, we respectfully submit this letter in response within 14 days after our office received the Ex Parte Motion via ECF notice on September 19, 2022.

    As an initial matter, Plaintiff's Ex Parte Motion is premature. Plaintiff filed his first Ex Parte Motion [ECF Dkt No. 27] to execute service of process by email on September 12, 2022, before the Court even issued a summons for the Second Amended Complaint. Accordingly, by order dated September 15, 2022 [ECF Dkt No. 28], the Court denied the Plaintiff's first Ex Parte Motion and ordered the Plaintiff to "attempt service in accordance with the rules." To Defendant's knowledge Plaintiff has not since made any formal service attempts and instead immediately filed the instant Ex Parte Motion to serve by email.

    Plaintiff has failed to establish that he entitled to effectuate service via email. "In New York State, subsections (1), (2), and (4) of N.Y. C.P.L.R. § 308 provide for service by 'personal delivery, delivery and mailing, and nailing and mailing, respectively.'" *See Kesten v Broadcast Music, Inc.,* 20-CV-8909 (LJL), 2021 WL 1740806, at *1 (S.D.N.Y. Mar. 3, 2021) (internal citations omitted). "Under N.Y. C.P.L.R. § 308(5), where service pursuant to these subsections is "impracticable," the court, "upon motion and without notice" may direct service "in such manner as the court ... directs."" *See Id.*; *see also* N.Y. C.P.L.R. § 308(5).

    In *Broadcast Music, Inc.,* Plaintiff was only entitled to service by alternative means after the Plaintiff "hired a private investigator but has been unable to locate [Defendant's] address" and

Adelman Matz P.C.
Phone: (646) 650-2207 • Fax: (646) 650-2108

| Mailing: | Office: |
|---|---|
| 1173A Second Avenue, Suite 153 | 800 Third Avenue, 25th Floor |
| New York, New York 10065 | New York, New York 10017 |

"attempted service at two additional addresses [Plaintiff] identified but those attempts were unsuccessful." *See Id.* at 1.

Here, Plaintiff has made no such attempts at service before filing the Ex Parte Motion. Instead, Plaintiff, after the Court denied his first motion, essentially re-filed it arguing that the address Plaintiff had was not Defendants, while failing to address whether any service attempts were made by Plaintiff. Nor could Plaintiff, as to Defendant's information and belief the only service attempts Plaintiff ever made were prior to the removal of this action, which were not proper service as Plaintiff concedes. Plaintiff has not taken any action to attempt to effectuate service in accordance with the rules. Accordingly, Plaintiff's Ex Parte Motion should be denied.

However, pursuant to the Court's September 15, 2022, Order encouraging Defendants to cooperate to assist Plaintiff with service, we have conferred with our client, and Ms. Sarandon is willing to execute a service waiver pursuant to Rule 4(d). We have advised Mr. Balder of this via email today and wanted to make the Court aware prior to tomorrow's conference.

We greatly appreciate your Honor's time and consideration in this matter, and should the Court need any further information we are happy to provide such at the upcoming Court conference.

Respectfully Submitted,

ADELMAN MATZ P.C.

Sarah M. Matz, Esq.

Cc.     Arthur Balder (via ECF pursuant to Court Authorization)