October 12, 2022

**VIA ECF**
Hon. Sarah Netburn, U.S.M.J.
United States District Court
Thurgood Marshall Courthouse
40 Foley Square, Room 430
New York, NY 10007

Re: *Arthur Balder v. Susan Sarandon, et al*, Case No.: 1:22-cv-06401-JLR-SN

Hon. Judge Netburn:

I am the Plaintiff in this action. This letter is submitted pursuant to I.A of your Honor's Individual Practices and in accordance with the **Court's Court's September 15, 2022, Order encouraging Defendants to cooperate to assist Plaintiff with service [ECF Dkt. No. 28].**
The Court's October 4, 2022, order [ECF Dkt. No. 33] is based in the fact that the Court scheduled a conference to discuss the Ex Parte Motion for E-Service. This *Ex Parte* motion was turned into an 'al parte' motion, apparently, given the fact that 1) Sarandon's attorney was invited to discuss an 'Ex Parte' petition, which is not something that requires the other 'Parte's participation, and 2) once invited, Sarandon's attorney turned the conference into a bargaining conference to win time for Defendants who had been clearly thwarting due service process for two months for the sake of winning time and also for weaponising time against the Plaintiff, and at that proposing scheduling deals to benefit Defendants whom she did not represent at all at that time.
Recall that Defendant Tsitoghdzyan had simply not answered three attempts by the Deputy Sheriff simply because he did not want to answer, and that Defendant Honey Shara had in writing mocked by email the summons emailed to her by end of August and related to the service started at the beginning of August 2022. She saw the summons, saw the written address the summons and complaint sent to, and was happy enough to answer the email stating that the date was wrong, without, of course, providing any real address, when the Deputy Sheriff certificate states that the Sharas vacated the building on a much earlier date. Let's add to it the fact that Defendant Sarandon has been arguing that she was never properly served, when, in fact, that was impossible due to her selling that address in 2020.
However, as regards to Defendant Sarandon, she stated in 2020 that we should communicate her agent Shane Rosenzweig, and this individual was successfully served according to the rules in June 2020. She designated that agent in writing to receive all and any communication, and that agent was duly served according to the rules. It seems Shani Rosenzweig is fine to receive proposals of new films to be a star in for Defendant Sarandon, but for service from a Court then Shane Rosenzweig is suddenly not the right person to be contacted… even if Defendant Sarandon designated her directly and in writing as the right person to be contacted for anything else in 2020.

All this situation shows a delay that is unjustified, purposely caused and orchestrated by all Defendants in a coordinated manner, and exceptions to the rules accepted that end up bringing undue delays and also the privilege of time being granted to

those that are flouting due service that has been and is in place but being mocked in plain light by facts and Exhibits already presented.

Sarah Matz's tactics to win time for her clients flout the rules. She was not representing the other Defendants, and she had no right to propose anything in their name, on October 4. If they wanted to propose something on October 4, at the very least, they should have retained Sarah Matz on an earlier date. Sarah Matz has been wrongly stating that her client, Sarandon, had not been properly served, when in fact she had even properly served. She removed the complaint to SDNY in order to avoid imminent filing of a Default Judgment at Supreme Court New York.

To put it simply: there is sufficient proof of Defendants thwarting the service voluntarily, for their own advantage and that of their co-perpetrators, and Sarah Matz did not represent three of them when a scheduling bargain was proposed by her on October 4.

For all these reasons the waivers of service filed, granting sixty days from October 4, only appear as a reward for having successfully mocked the attempts of service that were are are still in place.

For all these reasons the Plaintiff finds that the functioning is unjust and is rewarding those who flout the rules instead of helping to bring the process to the reality of the circumstances: that the Plaintiff's costly attempts to service have been ditched, and those who have done it have been rewarded with more time.

**The Plaintiff requests the waivers of service be effective in accordance with the Court's Court's September 15, 2022, Order encouraging Defendants to cooperate to assist Plaintiff with service [ECF Dkt. No. 28], so that they will have to answer no later than November 15, 2022 at the latest.** Otherwise that Order's sense and meaning will have been ridiculed by the repeatedly used tactics of Sarandon's attorney and all Defendants to delay due process as a prolongation of the methods employed to greatly harm the Plaintiff's in the ways already sufficiently explained in his Complaint.

Finally, it is no secret that Defendant Sarandon has been for many years deeply involved in politics and particularly in New York politics. She has helped raise funds for senators and congressmen and congresswomen be elected, and the Plaintiff does not hide, but highlights, his concerns as regards to Defendant Sarandon's influence and seeking of privilege in every single aspect of civil and professional life, her even priding herself publicly and privately on having overturn the 2016 presidential election of the USA because she did not endorse the Democrat candidate.

It is deeply concerning, precisely, because this lawsuit arises greatly because of Defendant's Sarandon unbounded influence on others, and how blindly others act in order to please her, being not surprising at all to discover that Sarandon's puppets out of Court, the other co-defendants, have become, as it could not be otherwise expected, her puppets also in Court.

  We greatly appreciate your Honour's time and consideration in this matter, and should the Court need any further information we are happy to provide such, as the abundant proof of earlier successful service on Defendant Sarandon in June 2022.

  Respectfully Submitted,

  /s/ Arthur Balder

  Cc. All other Parties (via ECF).