

**Sarah M. Matz**
Partner
sarah@adelmanmatz.com
Dir: (646) 650-2213

October 19, 2022

**VIA ECF**
Hon. Jennifer L. Rochon, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Room 1920
New York, NY 10007

    Re:    *Arthur Balder v. Susan Sarandon, et al*, Case No.: 1:22-cv-06401-JLR-SN

Hon. Judge Rochon:

    We represent Defendants Susan Sarandon, Honey Shara, David Shara and Tigran Tsitoghdzyan (collectively, "Defendants") in this action. This letter is jointly submitted with Plaintiff Arthur Balder ("Plaintiff") (Plaintiff and Defendants collectively, the "Parties") in accordance with the notice of reassignment so ordered on September 28, 2022 [ECF Dkt. No. 31].

    **Plaintiff's Position**: This joint letter was sent to the Plaintiff by Sarah Matz less than 18 hours before a deadline set by her to file at noon on October 19, which has not allowed the Plaintiff enough time to add his point of view. The letter submitted by Sarah Matz to the Plaintiff stated below that 'in accordance with the notice of reassignment, the Parties have met and conferred", but your Honour must know that there was no meeting, and no conferring, which is contrary to the notice of reassignment. It was impossible for the Plaintiff to confer by telephone in the last minutes before the deadline due to other compromises. The Plaintiff is against the permanent tactics employed by the Defendants to delay the Court's proceedings and thus rejects to request an extension of time to file this letter simply because the draft has come a few hours ago.

    **Defendants' Position**: Pursuant to the notice of reassignment so ordered on September 28, 2022, the parties were ordered to file this letter. Defendants had not heard anything from Mr. Balder regarding this letter, and as a courtesy prepared and sent a draft of the letter to Mr. Balder on October 18, 2022 and requested his comments by noon today. Mr. Balder has indicated he did not have sufficient time to add his point of view, although he did prepare his portions below. Defendants offered to consent to, and submit, a request for an extension of time, which Mr. Balder has declined. Defendants' counsel also offered to confer by telephone, but Mr. Balder did not agree to get on the phone and demanded that the letter include his portion above. Defendants reject Plaintiff's characterizations of the events below.

    We submit now this letter to update your Honor on the status of the case. Below see the requested information as follows:

**Adelman Matz P.C.**
Phone: (646) 650-2207 • Fax: (646) 650-2108
Mailing:
1173A Second Avenue, Suite 153
New York, New York 10065
Office:
800 Third Avenue, 25th Floor
New York, New York 10017

1. The Pro Se Plaintiff is Arthur Balder, who can be contacted at arthur@davincifilms.us, arthurbalderfiles@gmail.com, and at (929)-888-3802. The Defendants are Susan Sarandon, Honey Shara, David Shara and Tigran Tsitoghdzyan, who are represented by the undersigned counsel, at sarah@adelmanmatz.com and at (646)-650-2207. This information is the same information that is currently reflected on the docket.

2. **Plaintiff's Summary of Claims:** Overwhelming evidence proves that the Defendants have acted coordinately to harm the Plaintiff professionally and financially by irreparably impairing the distribution of the film "American Mirror: Intimations of Immortality", directed and produced by the Plaintiff. Defendant David Shara has breached the contract signed with the Plaintiff in multiples ways. Invoices of 2019 show that an Oscar-qualifying theatrical release of the film should take place in the USA at the beginning of 2020. It never happened simply and clearly because, among other wrongs committed, David Shara never provided the talent releases that he made himself responsible for after affirming in May 2019, that he did not "care about losing 300,000 USD" as long as the Plaintiff would be professionally harmed by thwarting the distribution, and that because of the interference of Defendants Sarandon and Tsitoghdzyan, who also failed, coordinately, to provide what they had promised since 2016 to the Plaintiff. Under the terms of the contract, the Plaintiff was the party to set up distribution of the film, which explains the overwhelming success of the international film festival circuit prepared and executed by the Plaintiff. The Plaintiff was threatened by David Shara and Honey Shara, her partner, with further professional harm unless the Plaintiff accepted new terms and a new contract. Contemporary correspondence of the Sharas' attorney leave no doubt about these facts. David Shara and Tsitoghdzyan orchestrated the isolated and radically high two auction records at Phillips (out of a total of 5 extant auction records all over the world by this artist…) of two artworks by Tsitoghdzyan in a scheme to defraud the public. Tsitoghdzyan even paid his at that time girlfriend Sasha Rukovskaya (now S. Edelmann) for her services in betting for the painting in 2015 with someone's else credit card…, while David Shara himself and other business associates of him were bettors as absentees on that same occasion, the Plaintiff discovered in late August 2020 after trying to auction a painting they gave him as an upfront compensation, representing its value would be hundreds of thousands of dollars. Today, however, it is practically unsaleable. Evidence shows Defendants Sarandon, Tsitoghdzyan and Honey Shara were aware of the making of the film for its distribution, and approved of it even in writing, Sarandon counselling how to proceed, yet they coordinated with David Shara not signing the promised talent releases as a way to harm the Plaintiff by thwarting distribution. David Shara and Tsistogdzyan convinced the Plaintiff that Sarandon's wayward actions in late 2018 were due to the fact that she did not succeed at obtaining sex with Tsitoghdzyan. When the Plaintiff expressed his concerns to Sarandon, her interference began in February 2019. Sarandon's and Tsitoghdzyan's promises to the Plaintiff were not only unambiguous, but they encouraged the Plaintiff to make public announcements regarding the film's distribution in 2016, 2017, 2018, 2019, which further defame the Plaintiff in the face of the public. There is civil conspiracy in this case according to New York law, because it takes place to accomplish the underlying tort. The actions are motivated by malice, since all Defendants have acted against their own best interests in order to obtain the harm, and the Plaintiff will seek punitive damages.

   **Defendants' Summary of Defenses:** Defendants dispute these allegations and believe that among other reasons the claims will fail because of the following. There was no breach of contract by Defendant David Shara as the express terms of the contract state that Plaintiff cannot make any distribution decisions without written confirmation by Defendant David Shara.

Plaintiff's tortious interference of contract claim against Defendants Susan Sarandon and Tigran Tsitoghdzyan will also fail as there was no contract breached that either Defendant could have interfered with.  Additionally, Plaintiff makes nothing more than conclusory allegations in support of the fraudulent representation cause of action against Defendants David Shara and Tigran Tsitoghdzyan and as such they will fail as a matter of law.  Plaintiff also cannot succeed on his tortious interference with business expectancies claim against Susan Sarandon, Honey Shara and Tigran Tsitoghdzyan as Plaintiff failed to show that the Defendants were even aware of the business relationships, nor did Plaintiff specifically identify the business relationships allegedly identified with.  There can be no claim of Promissory Estoppel against Defendants Susan Sarandon and Tigran Tsitoghdzyan as neither defendant made a clear and unambiguous promise to the Plaintiff, nor would such a claim be enforceable where written authorizations provided.  Similarly, there can be no civil conspiracy claim against Defendants Susan Sarandon, Honey Shara and Tigran Tsitoghdzyan as New York law does not recognize an independent tort of conspiracy.

3. This Court has original jurisdiction of the action based on diversity of citizenship pursuant to 28 U.S.C. §1332(a) and 28 U.S.C. §1441, as the amount in controversy exceeds $75,000.00.  The action was properly removed to this Court pursuant to 28 U.S.C. §1441(a) as this Court has original jurisdiction over these claims in the Verified Complaint.

4. **Defendants' Position**: Defendants have filed service waivers pursuant to Rule 4(d) and have until December 5, 2022 to respond to Plaintiff's Second Amended Complaint.

   **Plaintiff's Position**: Sarah Matz have bargained with the court filing waivers of service while not duly representing yet Defendants Tsitoghdzyan, David Shara and Honey Shara at the time of the barraging on October 4 conference. The order of Magistrate Judge to cooperate in service dated from September 15, 2022 and that should be the date from which the waivers of service should be accounted. Allowing them to bargain for a waiver of service from October 4, 2022, the Court has granted extra time to Defendants who, as Exhibits show, have been shamelessly and visibly thwarting and mocking due service.

5. There are no previously scheduled dates with the Court that have not yet occurred.

6. There are currently no outstanding motions, although Defendants anticipate filing a motion to dismiss in response to the Second Amended Complaint.

7. There are currently no outstanding appeals.

8. No discovery has taken part yet.

9. The parties have not engaged in substantive settlement discussions.

10. **Defendants' Position**: The Parties have not discussed the use of alternative dispute resolution mechanisms. Defendants are amenable to a settlement conference before the Magistrate Judge assigned.

    **Plaintiff's Position**: The Plaintiff, through counsel previously representing him since February 2021, has been trying to find an amicable solution with all Defendants since October 2021 until end of April 2022, and afterwards his attempts have been sent to them up to August 2022. These

accommodations, that have been far from reasonable, have been spurned, mocked and trampled by the coordinated effort of all Defendants to harm the Plaintiff, who had no other remedy but to seek the assistance of the U.S. Courts. Their "amenable" approach to a settlement conference adds insult to the injury. It is obvious and even they announced it in 2019 and further in 2020, that the Defendants have been weaponising time to cause maximal financial and professional harm to the Plaintiff by thwarting the distribution of the universally acclaimed film.

11. **Defendants' Position**: The Defendants estimate that the trial will last 3-5 days.

    **Plaintiff's Position**: The Plaintiff estimates that the trial will last 15-20 days, since it is necessary to explain the facts chronologically, and also as a consequence of the many implications that derive from the scheme to fraud perpetrated by Defendants David Shara and Tsitoghdzyan.

We greatly appreciate your Honor's time and consideration in this matter, and should the Court need any further information we are happy to provide such.

Respectfully Submitted,

ADELMAN MATZ P.C.

*[signature]*

Sarah M. Matz, Esq.

Cc.   Arthur Balder (via ECF pursuant to Court Authorization)