USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/20/2022

October 6, 2022

Hon. Sarah Netburn, U.S.M.J.
United States District Court
Thurgood Marshall Courthouse
40 Foley Square, Room 430
New York, NY 10007

Re:   *Arthur Balder v. Susan Sarandon, et al*, Case No.: 1:22-cv-06401-VEC-SN

Hon. Judge Netburn:

  This letter is submitted pursuant to I.A. and I.G. of your Honor's Individual Practices, to respectfully express concerns as regards to the tactics the Defendant Susan Sarandon is successfully employing to delay due course and to help the other Defendants when the facts show they have been mocking the attempts of service of the First Amended Complaint, and to respectfully propose and reason about the scheduling discussed at the conference held on October 4, 2022.
  The Order filed by your Honor on 15 September 2022 encouraged to all parties facilitating service. Defendant Sarandon and her attorney never answer back providing a real address to serve the papers, neither did they accept waiver of service.
  To accept the waiver of service of Defendant Sarandon right one day before the conference of October 4 brings an unjust result to the Plaintiff. Attorney Sarah Matz has been pretending she could not find her client for almost two months — she stated she would discuss waiver of service at the beginning f August… —, only to propose waiver of service when it has been discovered that the only address known of Defendant Sarandon was sold in 2020.
  Also, we find it wrong that attorney Sarah Matz, not being the attorney of the other Defendants, has spoken at that conference of October 4 2022 on the other Defendants' behalf and at that to grant them the lenience of the Court, when the Court has had proof of their mocking servicing as described before in our Ex Parte Motions for E-Service and as referenced below.

  Your Honor's lenience is graceful, but the result is unjust to the Plaintiff.

  It is our impression that Defendant Sarandon is seeking privileges in this Court and also abusing of the Court's gracefulness and lenience, only to harm the Plaintiff by further weaponising time against his rightful interests in these proceedings, for her advantage and that of her co-perpetrators. The privilege she seeks here consists on successfully delaying unduly the proceedings of the civil action, by in fact mocking everybody, Courts and Plaintiff, with an address that was sold by her in 2020, while not providing any other address only to oblige the Plaintiff and the Court to accept a waiver of service that only will bring more time delay — 60 days more, instead of providing a real address where she can be served properly, and then she will have 21 days to answer. Even more, and what is more concerning, without proper representation of the other Defendants

attorney Sarah Matz is seeking this privilege for the other Defendants — again, without representing them properly.

This is wrong according to the rules. Attorney Sarah Matz could not talk in the name of the other Defendants, even less beg for a scheduling deal on their behalf, without proper representation. At the end of this letter we propose a revision of the schedule. If they wanted to be represented at that conference, they should have retained her services before that conference.

As regards to the other Defendants, they are going to be served according to due process, being this the second time the Plaintiff must retain the services of the Deputy Sheriff.

Plaintiff does not agree on a waiver of service, and at that even before the attorney had been duly retained.

The Defendants are being serviced at their address for the second time, and if the second attempt of Service via Deputy Sheriff is unsuccessful the Plaintiff will beseech the help of the Court to seek a remedy, an expeditious one, and the remedy should not be just granting them the privilege of more extra time by the manoeuvres of attorney Sarah Matz, who has been acting in bad faith as regards to your Honour's encouragement to facilitate service since 15 September 2022, just to grant more time to Defendant Sarandon and her co-perpetrators, even without representing them formally in this Court.

Defendant Sarandon and her attorney are seeking privileges in this Court in order to delay due process and in order to help the other co-defendants, who are thwarting service wilfully.

Recall that Defendant Tsitoghdzyan has received three attempts of service at his address, the deputy sheriff f NYC has left cards, and he has decided not to answer.

Recall Defendants Honey Shara received copy of summons via email, and she, after seeing that the address on the Summons was wrong, because later the Certificate of Deputy Sheriff shows the building had been 'vacated', she simply did not provide a right one.

These actions are being rewarded with 60 days delay, and that without being duly represented in the Court. It is our opinion that clearly delaying goes against the interests of the civil action, and in favour of the weaponising of time against the Plaintiff.

In a few words: the tactics employed here to thwart wrongfully and without justification due service as described by the FRCP cannot lead to the advantage sought by Defendant Sarandon and her attorney: to win a 60 day delay by waiving service almost 60 days after your Honor recommended facilitating service, when in fact your Honor encouraged that on September 15 2022. That brings a total of almost 120 days, in fact.

Conclusively, Defendant Sarandon seeks privileges in this Court, for her and for her anybody on her side, and I must remind the Court that this lawsuit has been filed precisely because 1) Sarandon uses her influence on others to harm others and 2) time has been weaponised to harm the Plaintiff by all Defendants. The same situation seems to be ongoing in this Court.

For all this reasons, also, Defendant Sarandon will be served at the address she provided to the Plaintiff, which we know is wrong, unless her . The Plaintiff has requested as of today to attorney Sarah Matz a right address to serve Defendant Sarandon.

*Proposal regarding Scheduling:*

However, it is our opinion that the waiver of summons for all Defendants, if finally represented by Sarah Matz, should be dating back to the date when your Honor encouraged to all parties facilitating service, **pursuant to the Court's September 15, 2022, Order encouraging Defendants to cooperate to assist Plaintiff with service,** and be counting from that date and not accepting these persistent tactics that obviously have been employed to unduly delay the process and to mock the Plaintiff's claims and the Court's proceedings.

We deeply appreciate your Honor's time, patience and consideration in this matter.

Respectfully Submitted,

/s/ Arthur Balder

Cc.   Sarah M. Matz (via ECF)

---

Plaintiff's request for Defendants to file and serve a response within 60 days of September 15, 2022, is DENIED. Defendants must file and serve a response under Rule 12 within 60 days from October 4, 2022. No further applications shall be filed regarding service.
**SO ORDERED.**

SARAH NETBURN
United States Magistrate Judge

Dated: October 20, 2022
      New York, New York