December 6, 2022

**<u>VIA PRO SE INTAKE</u>**
Hon. Sarah Netburn, U.S.M.J.
United States District Court
Thurgood Marshall Courthouse
40 Foley Square, Room 430
New York, NY 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/07/2022
```

Re: *Arthur Balder v. Susan Sarandon, et al*, Case No.: 1:22-cv-06401-JLR-SN

**Hon. Judge Netburn:**

I am the Plaintiff in this action. This letter is submitted pursuant to I.A of your Honour's Individual Practices to address the filing of a Motion to Dismiss by all Defendants, with a Memorandum of Law on December 4, 2022.
We want to inform the Court that we intend to oppose the Motion to Dismiss and Memorandum of Law filed, unless Your Honour, upon review of the aforementioned papers, considers unnecessary my filing of any answer and denies the Motion directly and orders pre-trials steps as she deems proper.

As it was noted in Your Honour's helpful order in August to prepare a Second Amended Complaint, in order not to make burdensome its text to the Court and the Defendants' attorneys' busy agenda, the Plaintiff was recommended not to include, unless exceptionally, any exhibits. Those exhibits, however, show irrefutable and objective evidence backing the factual descriptions, and we intend to attach them to an answer. Recall the Complaint relates to actions over several years and it is complex to prepare. The fact that I prepared the Second Amended Complaint as short as I could, should not go against my rights to present to the Court a clear description of all elements, even if, unfortunately, it would result in a longer text. Clarifications and more detail describing dates correlated to Exhibits, will be necessary to adequately address the incredible inaccuracies purportedly embedded in the Motion to Dismiss by the Defendants.
Additionally, it must be noted that the attorney for the Defendants has included in the email providing copy of these papers a folder containing 27 "Unpublished Exclusive" cases, mainly the opinions and final outcomes arising from cases that, in substance, do not look even remotely similar to this one, that she mentions hither and yon in a desperate attempt to give the appearance of respectability to her made-for-litigation tales hurriedly concocted in the last hour to see if the same star-power that provoked all this tragic mess can still yield some advantage and avoid due process.

The deadline for the Plaintiff to answer his Opposition to that Motion is December 19. The Plaintiff relies, upon graceful recommendation by Your Honour, on the teams at NYLAG to discuss doubts and other matter related to this case, but due to the Christmas break they have informed us that they won't have capacity to review it until beginning January 2023.

My actual medical condition, dealing with depression, does not help me either, and that's why we humbly ask Your Honor for the granting of an extension of time of one month that would be very welcome in these circumstances.

I suggest to file my Answer no later than January 19, 2023, if Your Honour finds it acceptable and if my answer is necessary.

I place an absolute trust in Your Honour, and the integrity of the US Courts, and I believe Your Honor knows the laws as good or better than any pompous attorney who pretends to give lessons with legal literature precisely because they lack factual and circumstantial evidence. That's why, if Your Honor, at any time, after perusal of the Motion to Dismiss and the Second Amended Complaint, finds that the Motion must be quashed because it is groundless in the face of the Complaint, and because the Motion to Dismiss only uselessly prolongs the process, when the true aim of the process is to solve problems and not to prolong them unnecessarily by those who create them out of malice, bringing another loss of time that renders the situation more unbearable for the Plaintiff and the circumstances, personal and professional, he is suffering as a direct consequence of the iniquitous actions of the Defendants, then this request could be disregarded and the burdensome work to address the inaccuracies and tales piled up in the Motion to Dismiss put to more useful purposes during discovery and pre-trial.

Recall, for instance, that the fraudulent orchestration of the public auction records at Phillips Auctioneers NY by Defendants Tigran Tsitoghdzyan and David Shara also brings harm to nonparties, and that shows that the conduct that harmed the Plaintiff also created substantial effectual harm to the general public, and specifically those who believed in the false appearance of value artificially created to take advantage of anybody, not only of me, and so is particularly reprehensible, and deserves to be fully cleared. The Plaintiff only discovered that situation by end of August 2020, so the filing of the complaint keeps that claim within the Statue of Limitations for fraud, two years since the fraud was discovered; and that is just only one example, although particularly striking, of the many ways the Defendants' try to deflect, confound, enmesh, lie and deny compulsively in absence of anything else.

We greatly, and truly, appreciate your Honour's time and consideration in this matter.

Respectfully Submitted,

/s/ Arthur Balder

---

Plaintiff's request for an extension of time to oppose defendant's motion to dismiss is GRANTED. Plaintiff should file his opposition no later than January 19, 2023.
**SO ORDERED.**

Dated: December 7, 2022
New York, New York

SARAH NETBURN
United States Magistrate Judge