

Sarah M. Matz<br>
Partner<br>
sarah@adelmanmatz.com<br>
Dir: (646) 650-2213

December 16, 2022

**VIA ECF**
Hon. Sarah Netburn, U.S.M.J.
United States District Court
Thurgood Marshall Courthouse
40 Foley Square, Room 430
New York, NY 10007

    Re:    *Arthur Balder v. Susan Sarandon, et al,* Case No.: 1:22-cv-06401-JLR-SN

Hon. Judge Netburn:

    We represent Defendants Susan Sarandon, Honey Shara, David Shara and Tigran Tsitoghdzyan (collectively, "Defendants") in this action. This letter is submitted pursuant to I.B and II.C of your Honor's Individual Practices to address a discovery issue that has arisen. Specifically, Plaintiff Arthur Balder's ("Plaintiff") recently issued subpoenas to Bryan Gibbs [ECF Dkt. No. 48] and Phillip's Auctioneers, LLC [ECF Dkt. No. 49] prior to discovery being permissible.

    The foregoing subpoena requests have been submitted to the Court prior to the parties engaging in a Rule 26(f) discovery conference in violation of Fed. R. Civ. P. 26(d)(1), which provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." The instant action is not excepted from initial disclosure under Rule 26(a)(1)(B), nor has Plaintiff requested authorization to proceed with early discovery from either Defendants or the Court. As such Plaintiff may not proceed with discovery.

    Even if a Rule 26(f) conference were to occur, it is Defendants' position that discovery would be subject to a stay and reserves its right to move for same. Defendants have presented strong grounds for dismissal, including that some of the issues Plaintiff is pursuing by way of these subpoenas relate to alleged conduct outside of the statute of limitations. Moreover, a Plaintiff who has failed to state an adequate claim cannot proceed with discovery on those claims. *See Matter of In re Dayton*, 786 F Supp 2d 809, 823 (S.D.N.Y. 2011) (Plaintiffs must first state plausible facts, as required by *Iqbal,* before they may proceed to discovery.) While we do not believe the Court should require a motion for a stay, since discovery is not allowed yet to begin, Defendants will further explain those points if required.

    Defendants have made reasonable attempts to resolve this matter informally. Defendants' counsel asked Plaintiff to withdraw his subpoenas and refrain from pursuing discovery until it is permissible, including by sending an email stating our position with the relevant rules, and had a brief

**Adelman Matz P.C.**
Phone: (646) 650-2207 • Fax: (646) 650-2108

Mailing:
1173A Second Avenue, Suite 153
New York, New York 10065

Office:
800 Third Avenue, Suite 2502
New York, New York 10017

meet and confer via telephone on the issue this morning. A copy of the email exchange between Plaintiff and Defendants evidencing the meet and confer is annexed hereto as **Exhibit 1**. Plaintiff has refused to withdraw his subpoenas.

While it is Defendants position that the subpoenas are a nullity, (*see American Action Network, Inc. v. Cater America, LLC,* D.D.C.2013, 983 F.Supp.2d 112, reconsideration denied 2014 WL 12675253 (Parties in action for breach of contract and unjust enrichment had not held discovery conference required by rule, rendering plaintiff's discovery requests premature and warranting denial of plaintiff's motion to compel discovery and for discovery sanctions…) to conserve the resources of the parties and non-parties who may believe they have some obligation to respond, Defendants are respectfully asking the Court to issue an Order prohibiting Plaintiff from seeking discovery until discovery is allowed. If the Court believes that further discussion is necessary, then Defendants respectfully request an informal conference be scheduled.

We greatly appreciate your Honor's time and consideration in this matter and should the Court require further information we are available at the Court's convenience.

Respectfully Submitted,

ADELMAN MATZ P.C.

Sarah M. Matz, Esq.

Cc.   Arthur Balder (via ECF pursuant to Court Authorization)