December 17, 2022

**VIA PRO SE INTAKE**
Hon. Sarah Netburn, U.S.M.J.
United States District Court
Thurgood Marshall Courthouse
40 Foley Square, Room 430
New York, NY 10007

Re: *Arthur Balder v. Susan Sarandon, et al*, Case No.: 1:22-cv-06401-JLR-SN

**Hon. Judge Netburn:**

I am the Plaintiff in this action. This letter is submitted pursuant to I.A of your Honour's Individual Practices to Oppose the latest filing by Defendants in this case Docket Nr 57 Objections and Letter.

In general:
The Subpoenas were filed and issued and certificate of delivery filed with Court,and the Defendants' attorneys had access to them via ECF, and they did not oppose them. The current position can only be derived from the extreme need to hide relevant information that is crucial to affirm the Plaintiff's allegations, and a potential collusion arisen between Defendants and non-parties. That collusion may impede the production of relevant documents at a later date, creating additional substantial disadvantage to Plaintiff and public at a later date.

There exists a high risk that Defendants' are requiring this extra time to deal with Phillips Auctioneers LLC, colluding in a way that may be impossible to reverse. The Court cannot deny the fact that the Defendants' immense influence and wealth plays an important role, and cannot allow this to be turned into undue advantage that simply impedes the path to clarify the truth in this case.

In particular:
A.) As regards to the Subpoena to Phillips Auctioneers LLC:
1. Attorneys of the Defendants take for granted that the actions are not within the statute of limitations, simply because they state it. They are turning their Motion to Dismiss into a *de facto* court order. The allegations proof that the Plaintiff only discovered the fraud by end of September 2020, which leaves it within the statute of limitations.
2. Attorneys of the Defendants take for granted their statement that the Plaintiff "has failed to state an adequate claim". That is false. Estoppel is the principle which precludes a person from asserting something contrary to what **is implied by a previous action or statement of that person** or by a previous pertinent judicial determination. Sarandon's and Tsitoghzyan's previous actions,

not only statements, form a factual list too long to reference here, irrefutably objective and not conclusory on account of the allegations and based on hundreds of actions that have left a track that will be fully displayed in the Opposition to Motion to Dismiss papers, to be filed in January 2023.

3. The request to Phillips is not broad, it is specifically related to what matters and is paramount to the discovery.

4. The request is not burdensome, neither oppressive, and does not represent any kind of typified form of harassment for Phillips. Phillips has not opposed the Subpoena, and if attorneys of the Defendants are representing them, or in contact with them, or if the Defendants' or associates of the Defendants are, they should disclose this information.

5. Phillips has not objected to the disclosure.

6. Phillips was provided with reasonable time to respond, proof of it is that Phillips did not oppose. To review the records and present them in two weeks time has been more than enough time.

7. The collection of Objections set forth by Defendants' only shows how important for them is to keep the Court in darkness as regards to this important matter, and it already represents in outline what lies behind the auctioning of those lots.

8. Recall that the fraudulent orchestration of the public auction records at Phillips Auctioneers NY by Defendants Tigran Tsitoghdzyan and David Shara also brings harm to nonparties, and that shows that the conduct that harmed the Plaintiff also created substantial effectual harm to the general public, and specifically those who believed in the false appearance of value artificially created to take advantage of anybody, not only of me, and so is particularly reprehensible, and deserves to be fully cleared. The Plaintiff only discovered that situation by end of August 2020, so the filing of the complaint keeps that claim within the Statue of Limitations for fraud, two years since the fraud was discovered.

9. It is not the first time Defendants' unlawfully misuse other companies and professionals to improperly enrich themselves by creating a public record that entices others while they consciously misuse the means to achieve it. Recall that they instructed, encouraged the Plaintiff to send massive press releases to the international media stating expressly that the film will be distributed. Defendant Tsitoghdzyan and Defendant David Shara even participated in person in TV segments of important news outlets, stating in public and affirming that the film was going to be distributed, further defaming the Plaintiff's present and future endeavours, because according not only to the Motion to Dismiss but also to the events happening between 2020 and 2022 it is a fact that David Shara did not have any intention to distribute the film, in spite of the fact that he affirmed it, promised it, and even instructed the Plaintiff to do it. What they wanted was to take advantage of the Plaintiff's expertise and time in order to better sell paintings, not to fulfil promises.

B) As regards Subpoena to Bryan Gibbs.
1.  Attorneys of the Defendants demand an 'act of faith', and again, to take for granted their deny-and-deflect strategy postulated in their Motion to Dismissed as if it were a ruling or Court order, too conspicuously oblivious of many of the allegations contained in the SAC, and also in the FAC [First Amended Complaint], which was not struck in the end out of respect for the statute of limitations concerns presented to the Court.
2. The communications between Defendants are relevant and are not attorney-client privileged, neither work product doctrine. They are relevant, and reasonably calculated to lead to the discovery of admissible evidence and proportional to the needs of the case. It is not overly broad, neither burdensome, because it relates specifically to the matters that are being addressed by this lawsuit.
3. The communications that Sarandon's office exchanged with all other Defendants constitute a fundamental part of this case, since that will fully display the veracity of the Plaintiff's allegations.
4.  The collection of Objections set forth by Defendants' only shows they have things to hide because the Motion to Dismiss is a desperate attempt to avoid due process.

Therefore we humbly request that the Court orders the Subpoenas to proceed, and particularly the one sent to Phillips Auctioneers LLC because the wrongful acts committed by David Shara and Tigran Tsitoghdzyan and business associates of them has created substantial effectual harm to the general public, not only to the Plaintiff.

The Court should consider early remedies to avoid collusion between any party and non party, directed to avert the finding of the truth, including Phillips.

If the Court deems it more proper, Phillips Auctioneers LLC may file the answer under seal, so that the Court can better assess it preliminary. The Defendants' may be colluding to thwart the production of fundamental information, and the Court, aware of the risks, may know the means to best address this situation in a manner that Plaintiff and public are duly protected.

If the Court believes that further discussion is necessary, then the Plaintiff respectfully request a conference presided over by Your Honor to be scheduled.

We greatly and truly appreciate your Honour's time and consideration in this matter.

Respectfully Submitted,

/s/ Arthur Balder

Cc. All other Parties (via ECF).