February 10, 2023

**VIA PRO SE INTAKE**
Hon. Sarah Netburn, U.S.M.J.
United States District Court
Thurgood Marshall Courthouse
40 Foley Square, Room 430
New York, NY 10007

Re:  *Arthur Balder v. Susan Sarandon, et al*, Case No.: 1:22-cv-06401-JLR-SN

Hon. Judge Netburn:

I am the Plaintiff in this action. This letter is submitted pursuant to I.A of your Honour's Individual Practices to address Doc 67 of the referenced Case above.

**Defendants request more time indefinitely**, but also Plaintiff wished for more time to prepare his TAC and it was clear in the order he would not be allowed more, and the order was clear regarding Defendants' deadlines to answer the TAC.

**Defendants have not followed your Honour's last order.** On February 10th, at 2:00 pm, Defendants' counsel sent an email that **did not "discuss" any "early resolution of this matter", as ordered**. There was no discussion of any sort before that date either. Plaintiff was not able to answer until now, and if Defendants' had taken seriously your Honour's order, they would had attempted discussions before the last moment on February 10th. [See Exhibit 1 attached.]
Four hours later after communication shown on Exhibit 1, and without serving even today any terms for discussion for settlement, they have filed Doc 67 without allowing Plaintiff any time to answer that communication.

Defendant's counsel travels are not a valid excuse to employ delaying tactics: we beseech your Honor to consider that ***the on-going harm that Defendants have caused and keep causing outweighs the 'professional agenda' of their counsel*** (paid for by David Shara as a direct request by Sarandon and as a token of their concerted conspiracy, as evidence shows recorded on a phone call from Tsitoghdzyan).
Such an excuse to propose a long delay to file a meritless MTD is only frivolous and raises serious concerns.

Why Defendants' counsel professional or personal agenda, an extraneous factor to this matter in this Court, should outweigh the harm that such delays cause to Plaintiff, which *is* the subject matter of this Court, whose professional agenda has been and is being harmed by Defendants' actions?

Defendants obvious penchant for privilege in all spheres of life should not interfere with impartial due process. It is our humble opinion, that the Court's priority cannot be other than to naturally ***tend to lessen the damage and harm caused by delaying tactics and past actions of Defendants***, **not to prolong it if it can be avoided, and the harm that potentially those delays can cause** *additionally*. The fact that Defendants try to subvert the authority of the Court with frivolous, extraneous excuses, to weaponise even the legal process turning it into delaying tactics, again, raises serious concerns.

Plaintiff could be amiable to a settlement conference with your Honor, only if that conference will not paralyse the process and deadlines established by the Court. **If the establishing of a settlement conference date would 'freeze' the actual process, Plaintiff would postpone that possibility because it is of the essence to move on and to avoid delaying tactics.** Defendants should answer the TAC as soon as reasonably possible. Additionally, in light of the utter disregard of Defendants towards your Honour's Order as regards to "discuss an early resolution", the 'amiability' of their counsel towards that settlement conference cannot be taken seriously, but just as another cynical delaying tactic. In any case, under FRE 408 Defendants *can send* any settlement proposal *at any time* to Plaintiff, he will read it and discuss it if it has any merit, so in the meantime the process should move on given the circumstance that delaying on Defendants side is harming Plaintiff, and is in fact intended solely to harm Plaintiff.

A first reading of the TAC by your Honor would leave no doubt as regards to the lack of merit to file any MTD, thus this insistence to even delay its filing is particularly concerning.

THEREFORE Plaintiff beseeches the Court considers these arguments and orders Defendants to answer any MTD no later than February 25 —they've had a copy of the TAC since January 26—, so that Defendants' counsel can travel wherever she wants without turning that into undue delaying tactics, weaponising time, and causing further harm to Plaintiff and his work gratuitously and under frivolous excuses.

We greatly appreciate your Honour's time and consideration in this matter.

Respectfully Submitted,

/s/ Arthur Balder

Cc. All other Parties (via ECF).

# EXHIBIT 1

 Gmail

Arthur Balder <arthurbalderfiles@gmail.com>

## Balder v. Sarandon et al

**Sarah Matz** <sarah@adelmanmatz.com>  Fri, Feb 10, 2023 at 8:00 PM
To: Arthur Balder <arthurbalderfiles@gmail.com>
Cc: Barry Golden <bgolden@adelmanmatz.com>

FRE 408 / FOR SETTLEMENT PURPOSES ONLY

Mr. Balder:

I hope you are well.  The Court has ordered us to discuss an early resolution of this matter.  We are also to advise the Court if we believe a settlement conference would be productive.

We are amenable to a virtual settlement conference with the Court.

Let me know your thoughts.

Thanks.

Best Regards,

Sarah Matz

**Adelman Matz P.C.**

Dir: (646) 650-2213

Main: (646) 650-2207

Fax: (646) 650-2108

W: www.adelmanmatz.com

E: sarah@adelmanmatz.com

CONFIDENTIAL:  Confidentiality Notice: This message is being sent by or on behalf of an attorney. It is intended exclusively for the person or entity to which it is addressed.  This communication may contain information that is proprietary, privileged, confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message.

Circular 230 Disclosure Notice: Pursuant to the U.S. Treasury Department's rules governing tax practice, please be advised that any advice contained herein (including in any attachment) has not been written nor is it intended to be used, not can it be used, for the purpose of avoiding any federal tax penalty nor with promoting, marketing or recommending to another person any transaction or matter addressed herein.