January 3, 2024

**VIA PRO SE INTAKE**
Hon. Sarah Netburn, U.S.M.J.
United States District Court
Thurgood Marshall Courthouse
40 Foley Square, Room 430
New York, NY 10007

Re:  *Arthur Balder v. Susan Sarandon, et al*, Case No.: 1:22-cv-06401-JLR-SN

**Hon. Judge Netburn:**

I am the Plaintiff in this action. This letter is submitted pursuant to I.B. and I.G. of your Honor's Individual Practices rules to request a Settlement Conference presided over by this Court.

After conferring with counsel of defendants, we agreed on requesting an adjournment of the pre-trial conference. After conferring with counsel of defendants, the Parties propose February 20 and February 28.

This, however, is in context with the Settlement Conference's discussions:

Counsel of defendants contacted Deputy Court on January 3rd, 2023, because they had expressed interest in a Settlement Conference, as endorsed. Oder contacts under 408 have taken place, in which counsel of Defendants have expressed interest and starting settlement conversations with aim to facilitate matters in view of the Settlement Conference with your Honor. But there is a problem.
Ms Matz stated in her email to Deputy Court on January 3rd, 2023: "I am discussing available dates with my clients and will revert back, however in any event February 7th does not work on my end. **Can you also advise if the conference would be in person or via zoom?**"
After noting that your Honor's rules leaves it clear, if I am not mistaken, that settlement conference must be attended in person by all parties, not only counsel, unless they live more than 100 miles away, Ms Matz added: **"I do not know if my clients will agree to that, I will discuss with them and revert."**
The Deputy Court answered that "the Court may conduct the settlement conference telephonically if one or all parties are not able to physically attend for good reason."
We think it is better in person, and that the rules are explicitly so written for important reasons, not just to bother people. 'Good reason' to avoid them cannot be simply alleged for the pleasure of someone not willing to attend, which is apparently the case, because none is domiciled more than 100 miles away.

If Ms Sarandon can go around Manhattan in the midst of milling crowds just to make incendiary and divisive headlines to the world media with her opinions on others being Jews in the USA, and what it feels like in comparison to being a Muslim, for instance, as it has been case as a matter of fact here, she can also comfortably take a cab and spend some meaningful time in your Honor's Court to try to solve confidentially this also divisive mess she has created also here.

In any event, Plaintiff answered reasonably to Court Deputy and Ms Matz: "I won't oppose others attending telephonically if good reason provided. Ultimately that must be the judge's decision and perspective."
However, Plaintiff wishes to attend in person, and the in-person attendance he requests not to be cancelled simply because others do not want to show up for reasons different than being residents more than 100 miles away from the Court. If the Court wishes to grant telephone or zoom attendance to others, that is your Honor's decision and we won't oppose, but we wish to attend in person.

Given the fact that it is obvious that Defendants have expressed clear interest in the Settlement Conference, and that also they wish to start amicable settlement conversations before with us, yet all that combined with the stated condition that **they make it dependant on frivolous reasons** like their outright unwillingness to attend in person, which is a perfectly understandable requirement, it would only be helpful if your Honor orders directly all Defendants to attend the Settlement Conference, on a date agreed on by all parties but no later than the end of February. This decision only would agree with their clear, stated intention to explore settlement, but avoiding their frivolous handling of this situation and their frivolous understanding of how a Court of law is expected to work. Again we leave to your Honor's understanding if allowing some parties to attend via telephone, yet beseeches any who wish it to be allowed to attend in person, and that all attorneys attend in person.
Let's add to all this that your Honor's endorsement for Settlement Conference was served on December 18 2023. They have been sitting on it until yesterday.
This petition is in line with general practice to encourage and facilitate settlement, and simply helps by-passing frivolous commerce of settlement opportunity.

THEREFORE, after conferring with counsel of defendants, the Parties propose February 20 and February 28.
THEREFORE Plaintiff beseeches the Court to ORDER Defendants to choose a date, agreed upon also by Plaintiff, for Settlement Conference no later than the last day of February in order to facilitate the situation and avoid frivolous excuses to be used as an obstacle after having expressed clear interest in Settlement Conference with the Court and also previously to it.

Respectfully Submitted,

/s/ Arthur Balder

Cc. All other Parties (via ECF).