January 11, 2024

**<u>VIA PRO SE INTAKE</u>**
Hon. Sarah Netburn, U.S.M.J.
United States District Court
Thurgood Marshall Courthouse
40 Foley Square, Room 430
New York, NY 10007

Re:  *Arthur Balder v. Susan Sarandon, et al*, Case No.: 1:22-cv-06401-JLR-SN

**Hon. Judge Netburn:**

I am the Plaintiff in this action. This letter is submitted pursuant to I.B. and I.G. of your Honor's Individual Practices rules to deny Defendant Sarandon's petition to attend remotely, and is pursuant to paragraph 5 of your Honor's "Procedures for Cases Referred for Settlement To Magistrate Judge Sarah Netburn".

The paragraph 5 is quoted [emphasis is ours]:

*"Attendance of Parties required.* ***The parties—not just the attorneys—must attend in person.*** *A party's attendance* ***is essential*** *to the settlement process.* ***It is vital*** *that parties hear the other side's presentation and have the opportunity to speak with the mediator outside the presence of any adversary.* ***If a party is in prison, or the party resides more than 100 miles*** *from the Courthouse and it would be a great hardship to attend in person."*

Doc 95 states:

*"[...] request permission for Defendant Susan Sarandon to appear at the Settlement Conference by telephone,* ***as she will be out of the country on that day****. As such, it would be a great hardship for Ms. Sarandon to have to appear at the Settlement Conference in person."*

Your Honor, this is not a circus, where lions jump throw hoops and elephants dance in tune with a waltz.
It is a court of law, and everybody should show more respect to it.

The petition should be denied because the reason for not attendance 1] does not conform to your Honour's Procedures, as described, which made it clear why attendance in person is "essential" and "vital", and also, more importantly, 2] they prescribe two cases in which the attendance would represent hardship: if a party is in prison, or resides more than 100 miles from the Courthouse.

Neither of those circumstances is present in Defendants petition. The grounds alleged for granting telephone attendance **are overtly and shockingly frivolous**, and very far from the prescribed notion, in fact in disregard, of the "essential" and "vital" necessity of all parties to attend.

It is Defendant Sarandon who has plenty of time to address the Court's order, and organise her agenda, like everybody else, and not the other way around, not the Court to accommodate procedures and rules simply to please the frivolous petition of a Defendant accustomed to unreasonable privilege who announces that she will be out of the country—without any other explanation.

The principles that have governed your Honour's selection of the Procedures referenced were meant for everybody in an abstract and just way; its application, from the abstract to the individual, must be universal, and not based on Hollywood's frivolities.

Plaintiff would not oppose medical reasons, if justified reliably and proven, for any Defendant not to participate in person, although it is our notion that Defendant Sarandon won't know six weeks anticipation that she will be utterly sick by February 28, 2024, neither any of her doctors.

Defendant Sarandon can join the milling crowds to pour on the mics of national media what cannot be defined but as **antisemitic rants**. This is, in fact, not just opinions of hers, but outright hate speech. The consequences of hers and others' similar inflammatory remarks are already here: just weeks later we have seen a spike of antisemitic crimes across the USA [not necessary to reference studies, the numbers and statistics are published by the media]. **This revelling in divisive rhetoric of Defendant Sarandon's comes not as a surprise to us, because it is a the very epicentre of our complaint.**

It would be only very strange in the eyes of the public, that the same Sarandon that wishes to own the show all over New York with such reckless attitudes—is the same one that is granted permission to cowardly attend by telephone in a New York's Court—where she resides, less than 100 miles away—in perplexing conflict with the Court's own avowed principles.

I remind the Court, to help Defendants, that Defendant Honey Shara is well over seventy years of age, as Sarandon, and we cannot understand why one should do it and the other not, simply because, for instance, Sarandon bought a ticket to Cancun to attend your Honor's order from a paradisiacal beach's hotel. For instance. We would find it all an inappropriate application of the rules, and Defendant Sarandon here only too overtly seeks privilege—even over her own co-defendants, because Defendant Honey Shara is also a person who would prefer not to attend.

Defendant Sarandon is simply afraid to meet your Honor in person for the same reasons why your Honor's describes as "essential" and "vital" attendance in person.

Defendant Sarandon is also afraid to meet her victim, the Plaintiff, in person and to deal face-to-face with the mess and enormous damages and suffering she has created.

This is to show us all how brave the ranter-in-microphone is, once she has to confront a real life problem of her making.

THEREFORE Plaintiff beseeches the Court to **DENY** Defendant Sarandon request for being frivolous and not conforming to the Procedures referenced, and to Order her to attend in person, in compliance with the rules, unless good cause demonstrated and proven with exhibits and in case of medical reasons. In the case of medical reasons, Plaintiff would consent such documents would be filed under seal to respect any Defendant's right to privacy in that respect.

Respectfully Submitted,

/s/ Arthur Balder

Cc. All other Parties (via ECF).