

**BARRY M. GOLDEN**
Associate
bgolden@adelmanmatz.com
p: (646) 650-2207

February 6, 2024

**VIA ECF**
Hon. Jennifer L. Rochon, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Room 1920
New York, NY 10007

    Re:  *Arthur Balder v. Susan Sarandon, et al,* Case No.: 1:22-cv-06401-JLR-SN

Hon. Judge Rochon:

    We represent Defendants Susan Sarandon, Honey Shara, David Shara and Tigran Tsitoghdzyan (collectively, "Defendants") in this action. This letter is submitted in connection with Plaintiff Arthur Balder's ("Plaintiff") 107 page partial objections to Judge Sarah Netburn's Report and Recommendation, dated December 18, 2023, (the "R&R") [ECF Dkt. No. 86] which was filed on January 31, 2024, but not served via ECF until February 1, 2024 ("Plaintiff's Objections") [ECF Dkt. No. 100]. We write to ask that the Court strike Plaintiff's Objections as they violate the Court rules regarding page length and to request that Defendants' deadline to respond to Plaintiff's Objections be immediately stayed pending the outcome of this request.

    Pursuant to your Honor's Individual Rules of Practice "[u]nless otherwise ordered, these Individual Practices shall apply to all civil matters before Judge Rochon, except to the extent they are inconsistent with Judge Rochon's Individual Rules and Practices in Civil Pro Se Cases." *See* Individual Rules of Practice in Civil Cases; *see also Mahon v Comm. of N.Y.S. Div. of Parole*, 2022 WL 4463840, at *2 (S.D.N.Y. Sept. 26, 2022).

    Your Honor's Individual Rules of Practice further clearly state that "[u]nless prior permission has been granted, memoranda of law in support of and in opposition to motions are limited to 25 pages, and reply memoranda are limited to 10 pages." *See* Individual Rules of Practice in Civil Cases, 3.C. The aforementioned rule applies to this action as it is not inconsistent with any rule in your Honor's Individual Rules of Practice in Civil Pro Se Cases. Plaintiff, even though he is Pro Se, is not exempt from the rules of the Court, including your Honor's 25-page limit. *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir.1983) (Nonetheless, a litigant's pro se status "does not exempt a party from compliance with relevant rules of procedural and substantive law.") (internal citations omitted).

    Plaintiff's Objections are 107 pages, more than four times your Honor's 25-page limit pursuant to section 3(c) of your Honor's Individual Rules of Practice in Civil Cases. As such, Defendants respectfully request that Plaintiff's Objections be stricken as this failure was clearly intentional.

**Adelman Matz P.C.**
Phone: (646) 650-2207 • Fax: (646) 650-2108

Mailing:
1159 Second Avenue, Suite 153
New York, New York 10065

Office:
800 Third Avenue, Suite 2502
New York, New York 10017

Plaintiff is aware of page limitation restrictions and the need to seek leave for additional pages. Defendants previously requested an additional ten (10) pages for its motion to dismiss to address Plaintiff's then pending Third Amended Complaint which was two hundred and eighty-seven (287) pages long. [Dkt. No. 70]. The Court granted this request and gave Plaintiff a reciprocal ten (10) additional pages in his opposition. [Dkt. No. 71]. It is clear that Plaintiff is aware of the requirement to request to file excess pages, and therefore, his failure to do so should not be excused. *Kumaran v Natl. Futures Assn., LLC*, 2022 WL 428263, at *2 (S.D.N.Y. Feb. 10, 2022) (The Court did not expressly address these filings because they do not excuse Plaintiffs' failure to seek leave to file excess pages prior to filing their replies. Plaintiffs' arguments regarding why they felt they needed excess pages are inapposite. Plaintiffs are well aware that they must comply with the Court's orders regarding page limits and that they must request leave to file excess pages if they wish to exceed those pages limits. Magistrate Judge Aaron previously admonished Plaintiffs "for filing multiple memoranda of law that vastly exceed the Court's page limits" and directed Plaintiffs to "make any request for additional pages prior to the filing deadline."…Plaintiffs do not offer a sufficient rationale for why they failed to request additional pages prior to the filing deadline.). Plaintiff, who is aware of the fact that the Court has rules regarding page limitations, should not be allowed to intentionally disregard them. As such, Plaintiff's Objections should be stricken.

In the event that Plaintiff requests permission to re-file and the Court is inclined to grant it, such leave should only be granted on the condition that Plaintiff comply with the Court's rules on page limitations or a *reasonable* extension thereof that is reciprocal if the Court believes that is appropriate. Defendants should not be prejudiced by having to address a 107-page objection memo of law. The original motion and opposition were done in 35 pages, and there is no reason the objections need to be longer.

Additionally, Defendants ask that the Court immediately stay Defendants' deadline to respond pending the outcome of this request. If the request is granted and Plaintiff's Objections are stricken no response will be required at all. If the Court allows re-submission, Defendants' time should be set from the date of re-submission and should take into account any page length extension that the Court allows. Even if the Court were to allow Plaintiff's Objections to proceed as is, Defendants should not be prejudiced by having to respond to a 107-page submission within 14 days.

Additionally, lead counsel on this matter, Ms. Matz just had a death in the family and is expected to be out of the office some of the coming days.

We greatly appreciate your Honor's time and consideration in this matter, and should the Court need any further information we are happy to provide such.

        Respectfully Submitted,

        ADELMAN MATZ P.C.

        Barry M. Golden, Esq.

Cc:    Arthur Balder (via ECF pursuant to Court Authorization)