February 6, 2024

**VIA PRO SE INTAKE**
Hon. Jennifer L. Rochon, U.S.D.J.
United States District Court
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007

Re:  *Arthur Balder v. Susan Sarandon, et al*, Case No.: 1:22-cv-06401-JLR-SN

**TO THE HON. JENNIFER L. ROCHON:**

I am the Plaintiff in this action. This letter is submitted pursuant to I.B. and I.G. of your Honor's Individual Practices rules to request extension my Objects & Recommendations to be accepted as they are, and to address the letter motion filed by Defendants, Docket 101.

On 12/22/2023, docket 89, Plaintiff submitted a letter requesting extension of time to file the Objections, but also requesting permission for it to be 60 pages long. The NYLAG pro se clinic help has been extremely slow and scarce in helping of late due to Christmas break and overburden with people requesting its help, and Plaintiff was advised not to leave anything important out of the Objections.

Plaintiff did not know there was a limit for the extension for the Objections. After finding out that the Objections are of great importance as regards to posterior proceedings, Plaintiff had to address several problems he has seen in the Report and Recommendation(the "R&R" from now own).

Plaintiff's letter [Docket 89] was not addressed by Your Honor, as far as we know, and Plaintiff understood there was no opposition to file a longer file in order to address numerous loopholes once Your Honor granted extension to file on January 31, 2024.

The main problem Plaintiff has found in the R&R is that many allegations have not been taken into consideration, and many are decisive. The conclusions in the R&R also show that many allegations may have passed unnoticed. The Defendants Motion to Dismiss has been based, greatly, in pretending many clear allegations are not present in the Third Amended Complaint (the "TAC"), and perhaps in the hope that the Court, most probably burdened with many other cases, would not pay enough attention to them.

Although the R&R has shown attention to detail as regards, for instance, to the fraud allegations, many points have remained clearly out of its attention—but the allegations are present in the Complaint, and they cannot be erased or we cannot pretend they are not there.

We cannot ignore them simply because the Complaint is long. it is long because it encompasses many years and defendants and coordinated actions, and clearly because the Plaintiff, a pro se, is not the right person to synthesise so many facts in a professional manner. That should not operate against him.

Defendants mention the extension of the TAC as if it were a sin: their problem is the wrongs it carefully describes, because they extend a long period of time, they are various, and they are interconnected, and it would be better for them those allegations would not be included. They use that complexity as an advantage, being the Plaintiff a pro se who has to face such a complex litigation.

Plaintiff requests that his Objections remain as they are, but concedes that Your Honor may grant more time to Defendants to address them in their Reply, which Plaintiff does not oppose, and also more pages if they need them. They have been denying the facts since the beginning, and to deny automatically and to pretend allegations do not exist they do not seem to need many pages, yet I beseech Your Honor allows them to address our Objections they way they deem it just and proper. Depriving Plaintiff of right to object is not a just path to solve this situation.

The R&R describes how the TAC was allowed to happen: because the Court directly struck the First Amended Complaint because it was of certain extension which the Court, without reading it, considered too long following Defendants' petition. That was, in our opinio, a very rush decision, and the Court acknowledged the situation and the fact that, obviously, the complaint encompassed many defendants and many years and their coordinated actions, and that o shorten the pleadings only was undue advantage to Defendants.

We are now in the same situation: Defendants wish Plaintiff be deprived of an opportunity even to object, requesting our Objections to be struck.

**<u>Plaintiff has not acted in bad faith: on the contrary, Plaintiff only desperately needs to shine a light on entire tracks of facts alleged that have not been addressed in the R&R, that have been forgotten, yet they can be cured if reviewed.</u>**

Plaintiff, additionally, has respected some of the R&R conclusions that grant dismissal of some claims, acknowledging the good criterium of the Court, yet he objects to other parts that are extremely important. Defendants' keep requesting total dismissal against important and well founded reasonings in the R&R.

If Your Honor finds that the 107 pages are unacceptable, Plaintiff will do all in his non-professional capacity to reduce it to 70 pages. Plaintiff points out that the majority of arguments in his Objections make references to extant allegations in the TAC, and no mere conjectures or theories. This should be considered, and should not be deprived of Objections.

Plaintiff's Objections' extension in pages only makes it easier for Your Honor and any appeal to address the issues raised, because it has many references by paragraph to the TAC allegations, in order to show, respectfully, why some conclusions are wrong.

THEREFORE Plaintiff beseeches the Court accept his Objections filed [docket 100] as they are, not to strike them, and to allow Defendants as much time and pages as the Courts deems appropriate, or to shorten the Objections into a number of pages no smaller than 70, please, that may allow to present all points in due order and in a manner that Your Honor and any appeal may be able to address, with particularity, any issue raised by us.

We enormously appreciate your Honour's time and consideration in this matter.

Respectfully Submitted,

/s/ Arthur Balder

Cc. All other Parties (via ECF).