

**Barry m. Golden**
Associate
bgolden@adelmanmatz.com
p: (646) 650-2207

February 7, 2024

**VIA ECF**
Hon. Jennifer L. Rochon, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Room 1920
New York, NY 10007

    Re:    *Arthur Balder v. Susan Sarandon, et al*, Case No.: 1:22-cv-06401-JLR-SN

Hon. Judge Rochon:

    We represent Defendants Susan Sarandon, Honey Shara, David Shara and Tigran Tsitoghdzyan (collectively, "Defendants") in this action.  We are in receipt of Plaintiff Arthur Balder's ("Plaintiff") Letter [ECF Dkt. No. 103] filed on February 6, 2024, but not served via ECF until February 7, 2024 ("Plaintiff's 2/6 Letter") and we write to respectfully address Plaintiff's request for a page length extension.

    As an initial matter, the Court has already struck Plaintiff's Objections to Magistrate Judge Netburn's Report and Recommendations[1] and ruled that the re-submission should "not exceed 25 pages (not including the cover page, the tables of contents and authorities, and any affidavits or exhibits)."  [ECF Dkt. No. 102].  There is no reason for this Court to depart from that ruling.

    There is no reason why Plaintiff needs more than 25 pages for his objections which only object to the ruling on seven (7) claims.  Plaintiff is fully able to cite to the TAC and present his arguments within those limits.

    However, if the Court is inclined to allow any page extension, Defendants respectfully request that it be limited to thirty-five (35) pages total, the same length as the original motion and opposition,

---

[1] Plaintiff's letter effectively concedes that Plaintiff was actually aware of the page limits and that his decision to exceed the Court's page limits was intentional. Plaintiff argues that he asked for an extension to sixty (60) pages in a letter dated December 23, 2023, which Plaintiff concedes was not granted [ECF Dkt. No. 89].  It is not true however that there was no opposition to it.  The December 23, 2023, letter was in fact deleted from the docket because it was an incorrect filing which is why it was not addressed. It was replaced by a Joint Letter Motion filed on December 26, 2023, that asked for an extension of time with the Defendants, **not an extension of the page limit** [ECF Dkt. No.90]. Moreover, that Plaintiff asked for, but was not granted a sixty (60) page brief does not explain why Plaintiff filed a one hundred and seven (107) page brief without permission.

**Adelman Matz P.C.**
Phone: (646) 650-2207 • Fax: (646) 650-2108

Mailing:    Office:
1159 Second Avenue, Suite 153    800 Third Avenue, Suite 2502
New York, New York 10065    New York, New York 10017

within which both parties were able to present arguments on eleven (11) claims. Plaintiff does not need, nor should Defendants be burdened and prejudiced with, the additional cost of responding to a seventy (70) page brief on claims that are wholly without merit.

      We greatly appreciate your Honor's time and consideration in this matter, and should the Court need any further information we are available at the Court's convenience.

      Respectfully Submitted,

      ADELMAN MATZ P.C.

      Barry M. Golden, Esq.

Cc.    Arthur Balder (via ECF pursuant to Court Authorization)