February 7, 2024

**VIA PRO SE INTAKE**
Hon. Jennifer L. Rochon, U.S.D.J.
United States District Court
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007

Re: *Arthur Balder v. Susan Sarandon, et al*, Case No.: 1:22-cv-06401-JLR-SN

**TO THE HON. JENNIFER L. ROCHON:**

I am the Plaintiff in this action. This letter is submitted pursuant to I.B. and I.G. of your Honor's Individual Practices rules to bring to Your Honour's attention the fact that Defendants have blatantly lied in the filing and to file a Motion for Sanctions, or for the Court to raise them sua sponte.

**Exhibit 1** shows that on 12/22/2023, **docket 89,** Plaintiff submitted a letter requesting extension of time to file the Objections, but **also requesting permission for it to be 60 pages long**.
Plaintiff requested permission for extension, and Defendants' know it because they have the file.
There were two reasons for this request:
1) The NYLAG pro se clinic help has been extremely slow and scarce in helping of late due to Christmas break and overburden with people requesting its help, and Plaintiff was advised not to leave anything important out of the Objections.
2) Defendants' have conspicuously denied the existence of allegations in the TAC in order to file a Motion to Dismiss, as Plaintiff demonstrated in his Opposition, and as the Report and Recommendation also acknowledges, denying dismissal by proving that the pleadings exist in the TAC, as much as Defendants' main tactic consists on pretending allegations not present.


Plaintiff read Your Honours "JLR Rochon Individual Rules in Civil Pro Se Cases." No indication points there the pro se reader to also study the "JLR Rochon Individual Rules of Practice in Civil Cases", and Plaintiff fid not read it. Plaintiff has downloaded and read it.
All documents presented by Plaintiff up to this date have been in font 12 and double space. Plaintiff has not been ever a litigant who attempts to circumvent such principle, but thanks Your Honour for the cautioning.

**Exhibit 2, Docket nr. 101,** contains Defendants letter submitted by Defendants on 02/06/2024 requesting the Court to "strike" the Objections.

In that letter, as highlighted, attorneys state:

*"Plaintiff **is aware of the need to seek leave for additional pages**."*

*"It is clear that Plaintiff is aware of the requirement to request to file excess pages, and therefore, **his failure to do so should not be excused**."*

Defendants have presented to Your Honor that Plaintiff has "failed to do so", i.e. that he has failed to seek leave for additional pages.

**That is absolutely *false***, in light of Exhibit 1.

Plaintiff, a pro se, should not be prejudiced by Defendants' penchant to confound and especially to lie, and this situation simply and directly helps to highlight what has been going on now since August 2022, when Defendants moved this case from NY Supreme Court.

Therefore Plaintiff seeks sanctions against Defendants' attorneys for lying blatantly to, under the appearance of righteousness and knowledge of the law, mislead the Court and present Plaintiff gratuitously as a a person who knows he has to seek a leave for pages and that he does not seek to present Plaintiff as a reckless character that disregards this Court, when in fact they perfectly know Plaintiff did asked that leave, all thanks to their own lies and omissions.

This is particularly egregious in light of their unscrupulousness to proceed this way under the very eyes of the Court, expecting always that Plaintiff and the Court, acting in good faith, will simply be, the first one misled and the other cowered into their bad faith playbook methods.

Plaintiff wishes to remind Your Honour, that, after reviewing procedures individual rules by Your Honour, he has found that any party may contact the court whenever a pending motion is so for more than 60 days, which we find very helpful. I have failed to find a similar provision in Honorable Sarah Netburn's individual rules for civil cases, whose work and time we greatly appreciate and respect. Hon. Netburn published the Report & Recommendations around **eight (8) months after the las paper filed related to the Motion to Dismiss** (Reply to our Opposition by Defendants, by beginning May 1sr, 2023, and we never contacted her chamber as regards to this pending motion in all that time.

It cannot be doubted that Plaintiff, who suffers the consequences of Defendants' wrong actions, has been sympathetic and respectful towards these Courts, and towards Hon. Netburn's schedule needs, probably related to a great burden of many cases, we assume, which also we think has had an impact in

evaluating some causes of action, but it can be remedied and cured in light of the Objections.

    THEREFORE P**laintiff beseeches the Court reconsiders the decision in light of all these facts, and allows some 10 to 20 extra pages** (addition ally to the 25 by rules) for our Objections to be filed on February 16, 2024, granting equally same extra length to Defendants Reply.

    THEREFORE **Plaintiff beseeches also Your Honor to order sanctions against Defendants for using blatant lies as a means to take advantage of us and even to use them to request striking the Objections** (thus in search of enormous prejudice for Plaintiff), in just another sign of their bad legal practice, bad faith, and their desperate attempts to distract the Court from this egregious case situation of their creation.

    We sincerely appreciate your Honour's time and consideration in this matter.

    Respectfully Submitted,

    /s/ Arthur Balder

Cc. All other Parties (via ECF).

# EXHIBIT 1

Docket Nr 89

Letter by Plaintiff asking leave

for more pages in the Objections

December 23, 2023

**VIA PRO SE INTAKE**
Hon. Jennifer L. Rochon, U.S.D.J.
United States District Court
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007

Re: *Arthur Balder v. Susan Sarandon, et al*, Case No.: 1:22-cv-06401-JLR-SN

**TO THE HON. JENNIFER L. ROCHON:**

I am the Plaintiff in this action. This letter is submitted pursuant to I.B. and I.G. of your Honor's Individual Practices rules to request extension of time to file Objections to the Report & Recommendation. The original due date to file Objections is January 2, 2024 The date sought to be extended is January 2, 2024 and the new date we seek through extension is to file Objections no later than January 31, 2024. Plaintiff tried to contact counsel of Defendants with no success, and as of December 23, 2023, they had not answered our email, so we do not know if they concede or refuse.

Of note, a petition of ours for a Settlement Conference with Hon. Sarah Netburn was granted on February 19 2023, and dates made available by Court Deputy. We chose among them preliminary February 7. Attorneys of Defendants did not contact us, neither did they answer the emails shared with all parties by Court Deputy offering Settlment Conference dates. Given the circumstances, Plaintiff has considered prudent to request this extension of time to file Objections although nothing has been heard or known from Defendants' attorneys after R&R filed on December 18, 2023 and after Settlement Conference petition granted on December 19, 2023. The Initial Pretrial Conference has been scheduled by Order. Docket Nr 88 on January 10, 2024. Plaintiff does not know if this extension would affect that other scheduled dates, neither if a proposed Revised Civil Case Management Plan and Scheduling Order must be made, and seeks advice in such matters.

The Report & Recommendation, Docket 86, by Hon. Magistrate Judge Sarah Netburn is dated December 18, 2023. The document states that "Any requests for an extension of time for filing objections must be addressed to Judge Rochon."

Consequently, I submit this letter as a request for an extension of time. I request that written Objection must be filed no later than January 31, 2024.

Plaintiff is a pro se litigant. The complexity of this case is absolutely overwhelming, and it is impossible for us to advance in preparing certain important filings without much more dedication in terms of time that would be otherwise expectable from seasoned attorneys.

Additionally, and playing a very important role in this situation, Plaintiff receives periodical assessment from NYLAG Legal Clinic for pro Se Litigants in the Southern District of New York. As of las weeks, and due to general overburden and the Christmas break, they cannot provide assessment.

At this point Plaintiff cannot get assistance for this Objections from NYLAG before January 17 2024, which leaves a short period afterwards to evaluate, study and complete the Objections we intend to file, since they intend to read and analyse the R&R in connection with the TAC and the Motion to Dismiss filed by Defendants.

As regards to the R&R by Hon. Sarah Netburn, we must state that it is our understanding that magistrate judges and all judges in general at SDNY face great numbers of cases to deal with. Among those, many entail different complexities, and many, also, may span many years and many details happening over such periods of time. This case is one of such cases, spans many years, different intertwined lines of action, a complex chronology, and although we celebrate and are enormously and sincerely thankful to Hon. Sarah Netburn time and obvious dedication, we think such factors have played a role in the evaluation of some aspects of the Third Amended Complaint.

In short, it is certainly difficult, dealing with many cases, and some of them containing many details and spanning many years, to retain with the same intensity all the details pertaining or affecting each of the claims.

Judges are humans, they know their work is very serious, consequently they face enormous pressure in analysing seriously so many different cases and complexities, and their time and mental focus is not unlimited.

That is why we understand our Objections as an important document to help this Court to visualise certain sets of facts, a document that should clearly summarise and put in context many arguments that reinforce and add clear perspective to some claims, and to try by that to clarify and find a just and more precise understanding of some aspects which we think need to be addressed and view under a more focused spotlight.

THEREFORE Plaintiff beseeches the Court to grant an extension of time to file the Objections no later than January 31, 2024, and to grant the Objections to be up to 60 pages long, or longer, if possible, according to your criteria. In order to address each objection properly, parts of the TAC must be taken into context to

make it more streamlined and easier for any reader of the Objections to connect all the facts under that spotlight mentioned before, claim by claim. The length mentioned will only make it easier to understand our arguments.

We enormously appreciate your Honour's time and consideration in this matter.

Respectfully Submitted,

/s/ Arthur Balder

Cc. All other Parties (via ECF).

# EXHIBIT 2

Docket Nr 101

Letter by Defendants seeking strike Objection

because "Plaintiff did not ask leave for more pages"



BARRY M. GOLDEN
Associate
bgolden@adelmanmatz.com
p: (646) 650-2207

February 6, 2024

**VIA ECF**
Hon. Jennifer L. Rochon, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street, Room 1920
New York, NY 10007

  Re: *Arthur Balder v. Susan Sarandon, et al,* Case No.: 1:22-cv-06401-JLR-SN

Hon. Judge Rochon:

  We represent Defendants Susan Sarandon, Honey Shara, David Shara and Tigran Tsitoghdzyan (collectively, "Defendants") in this action. This letter is submitted in connection with Plaintiff Arthur Balder's ("Plaintiff") 107 page partial objections to Judge Sarah Netburn's Report and Recommendation, dated December 18, 2023, (the "R&R") [ECF Dkt. No. 86] which was filed on January 31, 2024, but not served via ECF until February 1, 2024 ("Plaintiff's Objections") [ECF Dkt. No. 100]. We write to ask that the Court strike Plaintiff's Objections as they violate the Court rules regarding page length and to request that Defendants' deadline to respond to Plaintiff's Objections be immediately stayed pending the outcome of this request.

  Pursuant to your Honor's Individual Rules of Practice "[u]nless otherwise ordered, these Individual Practices shall apply to all civil matters before Judge Rochon, except to the extent they are inconsistent with Judge Rochon's Individual Rules and Practices in Civil Pro Se Cases." *See* Individual Rules of Practice in Civil Cases; *see also Mahon v Comm. of N.Y.S. Div. of Parole*, 2022 WL 4463840, at *2 (S.D.N.Y. Sept. 26, 2022).

  Your Honor's Individual Rules of Practice further clearly state that "[u]nless prior permission has been granted, memoranda of law in support of and in opposition to motions are limited to 25 pages, and reply memoranda are limited to 10 pages." *See* Individual Rules of Practice in Civil Cases, 3.C. The aforementioned rule applies to this action as it is not inconsistent with any rule in your Honor's Individual Rules of Practice in Civil Pro Se Cases. Plaintiff, even though he is Pro Se, is not exempt from the rules of the Court, including your Honor's 25-page limit. *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir.1983) (Nonetheless, a litigant's pro se status "does not exempt a party from compliance with relevant rules of procedural and substantive law.") (internal citations omitted).

  Plaintiff's Objections are 107 pages, more than four times your Honor's 25-page limit pursuant to section 3(c) of your Honor's Individual Rules of Practice in Civil Cases. As such, Defendants respectfully request that Plaintiff's Objections be stricken as this failure was clearly intentional.

**Adelman Matz P.C.**
Phone: (646) 650-2207 • Fax: (646) 650-2108

| Mailing: | Office: |
|---|---|
| 1159 Second Avenue, Suite 153 | 800 Third Avenue, Suite 2502 |
| New York, New York 10065 | New York, New York 10017 |

Case 2:22-cv-04064-LRH-SN Document 161 Filed 02/07/24 Page 2 of 2
Case 1:22-cv-06040-LRH-SN Document 101 Filed 02/06/24 Page 2 of 10

February 6, 2024
Page 2 of 2

Plaintiff is aware of page limitation restrictions and the need to seek leave for additional pages. Defendants previously requested an additional ten (10) pages for its motion to dismiss to address Plaintiff's then pending Third Amended Complaint which was two hundred and eighty-seven (287) pages long. [Dkt. No. 70]. The Court granted this request and gave Plaintiff a reciprocal ten (10) additional pages in his opposition. [Dkt. No. 71]. It is clear that Plaintiff is aware of the requirement to request to file excess pages, and therefore, his failure to do so should not be excused. *Kumaran v Natl. Futures Assn., LLC*, 2022 WL 428263, at *2 (S.D.N.Y. Feb. 10, 2022) (The Court did not expressly address these filings because they do not excuse Plaintiffs' failure to seek leave to file excess pages prior to filing their replies. Plaintiffs' arguments regarding why they felt they needed excess pages are inapposite. Plaintiffs are well aware that they must comply with the Court's orders regarding page limits and that they must request leave to file excess pages if they wish to exceed those pages limits. Magistrate Judge Aaron previously admonished Plaintiffs "for filing multiple memoranda of law that vastly exceed the Court's page limits" and directed Plaintiffs to "make any request for additional pages prior to the filing deadline."…Plaintiffs do not offer a sufficient rationale for why they failed to request additional pages prior to the filing deadline.). Plaintiff, who is aware of the fact that the Court has rules regarding page limitations, should not be allowed to intentionally disregard them. As such, Plaintiff's Objections should be stricken.

In the event that Plaintiff requests permission to re-file and the Court is inclined to grant it, such leave should only be granted on the condition that Plaintiff comply with the Court's rules on page limitations or a *reasonable* extension thereof that is reciprocal if the Court believes that is appropriate. Defendants should not be prejudiced by having to address a 107-page objection memo of law. The original motion and opposition were done in 35 pages, and there is no reason the objections need to be longer.

Additionally, Defendants ask that the Court immediately stay Defendants' deadline to respond pending the outcome of this request. If the request is granted and Plaintiff's Objections are stricken no response will be required at all. If the Court allows re-submission, Defendants' time should be set from the date of re-submission and should take into account any page length extension that the Court allows. Even if the Court were to allow Plaintiff's Objections to proceed as is, Defendants should not be prejudiced by having to respond to a 107-page submission within 14 days.

Additionally, lead counsel on this matter, Ms. Matz just had a death in the family and is expected to be out of the office some of the coming days.

We greatly appreciate your Honor's time and consideration in this matter, and should the Court need any further information we are happy to provide such.

Respectfully Submitted,

ADELMAN MATZ P.C.

Barry M. Golden, Esq.

Cc: Arthur Balder (via ECF pursuant to Court Authorization)