February 21st, 2024

**VIA PRO SE INTAKE**
Hon. Jennifer L. Rochon, U.S.D.J.
United States District Court
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007

Re: *Arthur Balder v. Susan Sarandon, et al*, Case No.: 1:22-cv-06401-JLR-SN

**TO THE HON. JENNIFER L. ROCHON:**

I am the Plaintiff in this action. This letter is respectfully submitted pursuant to I.B. and I.G. of your Honour's Individual Practices rules **to oppose Defendant's request for extension of time to answer Reply to our Objections and that they we all file our Replies by the date order, February 26th, although** Plaintiff believes any decision this Court makes is made in good faith to ensure a just trial, and Plaintiff respects any decision in absolute trust in Your Honour's criteria.
However:

### (1)Rationale for our Opposition

The Exhibit 1 shows that **Plaintiff sent punctually to Ms. Matz on February 16, 2024**, all the documents related to his Objections to R&R, exactly minutes after they were ready and he sending all to the pro se intake of SDNY via email. **Plaintiff did it in good faith to ensure Defendants had all the time prescribed by the Court Order Doc 107 since February 16**:

> "Given that **Plaintiff will file** his objections to the report and recommendation ("R&R") **by February 16, 2024**, the Court orders that the parties shall file **responses** to one another's objections (not exceeding twenty-five (25) pages) **by February 26,** 2024. The **Court is unlikely to grant further pages or extensions of time** in briefing these objections to the R&R. SO ORDERED."

**Therefore Ms Matz should have requested that extension, which is deserved, as soon as possible according to the rules, and not February 21st., a few days before ordered deadline,** and knowing that the Court had made it clear that it "is likely to grant further pages or extensions of time".

1

Ms. Matz was satisfied with Plaintiff having to compress, re-write, 100 pages of Objections into 35 <u>in ten days</u>, yet now seeks more time than him to Reply. That would be unjust, and too obvious a game to seek advantage constantly. If Plaintiff had 10 days to confront that task, why they should have more and not the same? The Court made it clear that "is **unlikely to grant further pages or extensions of time in briefing these objections**". Plaintiff takes seriously the orders.

**Mr Matz, lying to the court, had asserted that Plaintiff had never requested permission for extension of pages**, and that Plaintiff's Objections as filed on January 31th were the result of a conscious move disparaging the Court "because he knew he had to request permission and instead he just filed 107 pages" &c.[they were less, because 7 pages pertained to Table of Contents and cover &c., which show how candid they are in all and every communication].

They, under the pretence of such blatant lies, **even requested Plaintiff to be deprived of filling any Objection. <u>They sought extraordinary advantage by means of lying and misrepresenting to mislead the Court</u>**.

Plaintiff takes seriously the Court's orders and recommendations, and Plaintiff did his best according to the Order to file on February 16th.

Plaintiff included evidence that supports a myriad allegations that have been referenced across the Third Amended Complaint ["TAC"], some of them left unaddressed to raise the strongest argument of a pro se litigant. Ms Matz is perfectly aware of those allegations and the evidence is ot new because simply it was referred to across the TAC, but has been **pretending they are not present in TAC to her own advantage,** and in hopes an burdened Court would pay equal attention at the long pleadings of a non-professional pro se spanning eight years of actions.

In a few words and with simple simile, Plaintiff has been alleging that "the car is red", even describing the chemical composition of colour red and referring to extant 'pictures of the car', not attached because the Hon. Netburn's Court order stated that Exhibits were not necessary at this stage; yet Defendants had insisted that "it is grey" no matter what is alleged. Now the pictures are attached, and they show that 'the car, in fact, is red', beyond need of interpretation.

When Hon. Netburn granted the TAC, she was clear that, at that stage, allegations were enough and no exhibits were necessary. However, the pleadings being long [they unfortunately span actions since 2016 until today, and there are four defendnats interconnected actions] and the Court in our sincere opinion burdened with many cases, did not pay the same attention to all pleadings, and particularly paid greater attention, and was able thus to extract conclusions, to parts supported by the few exhibits attached to the TAC. This as been detrimental to the evaluation of the TAC, although Plaintiff is only thankful for Hon. Netburn's

extraordinary work, and he his curing the situation by adding ver important evidence to the Objections as Exhibits.

**(2) Attorneys to Defendants, in Self-Interest, May be Exploiting their Clients' Hubris.**

On February 1st, 2023, Dc. nr. "66" this Court: "In addition, the parties are ORDERED to discuss an early resolution of this matter. [...] Defendants shall report on this effort in their February 10 letter." On Dc. nr. 68, Plaintiff clarified that in the last moment: "On February 10th, at 2:00 pm, Defendants' counsel sent an email that did not "discuss" any "early resolution of this matter", as ordered. [...] if Defendants' had taken seriously your Honour's order, they would had attempted discussions before the last moment on February 10th. [See Exhibit 1 attached.]".

Did these attorneys clients, the Defendants, know that the the Court in February 2023 [Doc. nr. 66] also ordered them to "discuss an early resolution"? Did attorneys inform them of that? We doubt it, in light of the situation as described before. As events unfold, the only persons who are profiting, and will profit much more out of prolonging this litigation, burdening Court and Plaintiff, are Defendants' attorneys, regarding of any potential dire consequences for their clients and for Plaintiff.

The only client they seem to care of is Sarandon, and all their calculations seem to be tailored to her needs and standing, regardless of other very real collateral risks to the others.

I understand they do not care about Plaintiff, but, what about their 'other' clients…?


THEREFORE **Plaintiff request the Court Order denies Defendants' petition and no further time is granted to Defendants to file the Reply beyond February 26th, as ordered, although he believes any decision this Court makes is made in good faith to ensure a just trail, and Plaintiff respects it in absolute trust in Your Honour's criteria.**

We sincerely appreciate your Honour's time and consideration in this matter.

Respectfully Submitted,

/s/ Arthur Balder

Cc. All other Parties (via pro se intake).

# EXHIBIT 1



Arthur Balder <arthurbalderfiles@gmail.com>

## 1:22-cv-06401-JLR-SN Plaintiff's Objections to R&R with Declaration and 13 Exhibits

**Arthur Balder** <arthurbalderfiles@gmail.com>                                                   Fri, Feb 16, 2024 at 11:20 PM
To: Sarah Matz <sarah@adelmanmatz.com>

**1:22-cv-06401-JLR-SN Plaintiffs Objections to R&R**

Please find attached the fifteen (15) files to the referenced case:
Plaintiff's Objections, Plaintiff's Declaration, and thirteen (13) Exhibits.

Regards,

/s/ Arthur Balder

--
*CONFIDENTIALITY NOTICE

This e-mail, including attachments, is covered by the Electronic Communications Privacy Act, 18 U.S.C. 2510-2521, is confidential, and may be legally privileged. You don't have any permission to disseminate or distribute it, for it is solely intended for you. If you are not the intended recipient, you are hereby notified that any retention, dissemination, distribution, or copying of this communication is strictly prohibited. Please reply to the sender that you have received the message in error, and then please delete it. The information contained within this email is copyrighted and cannot be re-distributed or copied in any manner without the written permission of the sender.

**15 attachments**

- **Plaintiff Declaration in Support of Objections.pdf**
  71K
- **Plaintiff Objections R&R 16 Feb.pdf**
  303K
- **Ex 5 -Whatsapp AB DS October 2018.pdf**
  80K
- **Ex 4 -Invoices Distribution Tasks_Redacted.pdf**
  459K
- **Ex 6 -May 2019- 300k.pdf**
  362K
- **Ex 7 -American Mirror_ (2018) - Awards - IMDb.pdf**
  299K
- **Ex 2 -WhatsApp Ab DS 2019.pdf**
  1661K
- **Ex 3 -2019 David was born in Israel-AB on Sarandon antisemitism.pdf**
  6458K
- **Ex 1 -2017 - 2020 Partners Conversations -opt.pdf**
  4180K
- **Ex 9 -Representation 140k Roie Edelman-Israel.pdf**
  188K
- **Ex 8 -Sarandon 2016 Offer Acceptance.pdf**
  605K

- **Ex 10 -WhatsApp AB TT Painting.pdf**
  577K
- **Ex 13 -WhatsApp DS-AB 2018-2019.pdf**
  136K
- **Ex 11 -Lost Distrib Opportunities-Selection.pdf**
  1232K
- **Ex 12 -TAC -all w Exhibits.pdf**
  7605K